**WARNER STEVENS, L.L.P.**
Michael D. Warner, Esq. (TX Bar No. 00792304)
Lewis T. Stevens, Esq. (TX Bar No. 24031366)
Jeffrey R. Erler, Esq. (TX Bar No. 00796516)
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: 817.810.5250
Facsimile: 817.810.5255

Attorneys for the Official Committee of Unsecured Creditors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| DELPHI CORPORATION, | : Case No. 05-44481 (RDD) |
| | : (Jointly Administered) |
| Debtor. | : |
---------------------------------------------------------------------x
| | |
|---|---|
| DELPHI CORPORATION, | : |
| Plaintiff, | : |
| - against - | : |
| APPALOOSA MANAGEMENT L.P., A-D | : Adversary Proceeding |
| ACQUISITION HOLDINGS, LLC, HARBINGER | : Case No 08-01232 |
| DEL-AUTO INVESTMENT COMPANY, LTD., | : |
| PARDUS DPH HOLDING LLC, MERRILL LYNCH, | : |
| PIERCE, FENNER & SMITH INCORPORATED, | : |
| GOLDMAN SACHS & CO., HARBINGER CAPITAL | : |
| PARTNERS MASTER FUND I, LTD., and PARDUS | : |
| SPECIAL OPPORTUNITIES MASTER FUND L.P., | : |
| Defendants. | : |
---------------------------------------------------------------------x

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION
FOR AN ORDER AUTHORIZING ITS INTERVENTION IN
<u>ADVERSARY PROCEEDING NO. 08-01232</u>**

TO THE HONORABLE ROBERT D. DRAIN

UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") in the above – captioned jointly administered bankruptcy cases, hereby move this Court for entry of an Order pursuant to Rule 7024 ("Rule 7024") of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 24 of the Federal Rules of Civil Procedure and section 1109(b) of Title 11, United States Code (the "Bankruptcy Code"), authorizing the Committee to intervene in the adversary proceeding captioned *Delphi Corporation v. Appaloosa Management L.P., A-D Acquisition Holdings, LLC, Harbinger Del-Auto Investment Company, Ltd., Pardus DPH Holding LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Goldman Sachs & Co., Harbinger Capital Partners Master Fund I, Ltd., and Pardus Special Opportunities Master Fund L.P.,* Adversary Proceeding no. 08-01232 (the "Adversary Proceeding"). In support of this motion (the "Motion"), the Committee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue for this proceeding and this Motion is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Rule 7024 of the Bankruptcy Rules, Federal Rule of Civil Procedure 24 and Section 1109(b) of the Bankruptcy Code.

## INTRODUCTION

2. On October 8, 2005, each of the debtors and debtors in possession in the above captioned case (the "Debtors") filed a voluntary petition for relief under Chapter

11 of the Bankruptcy Code. Each of the Debtors continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.

4. On October 20, 2005, the United States Trustee for the Southern District of New York appointed the Committee. The members of the Committee are: Capital Research and Management Company; IUE-CWA; Wilmington Trust Company, as Indenture Trustee; Freescale Semiconductor, Inc.; and Tyco Electronics Corporation.

5. On January 25, 2008, the Court approved the First Amended Joint Plan of Reorganization of Delphi Corporation and Certain Affiliates, Debtors and Debtors-In-Possession (the "Plan"). A crucial part of the Plan was the $2.55 billion in investment funding to be provided by the defendants to the Adversary Proceeding: Appaloosa Management L.P., A-D Acquisition Holdings, LLC, Harbinger Del-Auto Investment Company, Ltd., Pardus DPH Holding LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Goldman Sachs & Co., Harbinger Capital Partners Master Fund I, Ltd., and Pardus Special Opportunities Master Fund L.P (collectively, the "Defendants").[1]

---

[1] Immediately after filing this Adversary Proceeding against the Defendants, the Debtors filed an adversary proceeding Complaint against UBS Securities LLC (adversary proceeding no. 08-01233) (the "UBS Adversary Proceeding"). The UBS Adversary Proceeding alleges breach of contract and fraud by UBS Securities LLC in connection with the EPCA and seeks an Order from the Court compelling specific performance. The Committee is also seeking, by separate motion, to intervene in the UBS Adversary Proceeding.

6. The investment agreement, set forth in the Equity Purchase and Commitment Agreement dated August 3, 2007, as Amended on December 10, 2007 (the "EPCA"), was approved by the Court prior to confirmation by Order entered December 10, 2007. On April 4, 2008, mere hours before the scheduled Effective Date of the Plan and closing of the EPCA transaction, the Defendants purported to terminate the agreement. As a consequence of the purported termination, the Plan has not yet gone effective.

7. On May 16, 2008, the Debtors commenced the Adversary Proceeding against the Defendants. The Adversary Proceeding alleges breach of contract and fraud, and seeks, *inter alia*, an Order from the Court compelling specific performance of the EPCA.

## WAIVER OF MEMORANDUM OF LAW

8. This Motion to Intervene does not raise any novel issues of law and, accordingly the Committee respectfully requests that the Court waive the requirement contained in Local Rule 9013-1(b) that a separate memorandum be submitted in support of the Motion to Intervene.

## RELIEF REQUESTED

9. By this Motion, the Committee seeks (i) to intervene in the Adversary Proceeding; (ii) to participate fully in the discovery process as it relates to any and all aspects of the Adversary Proceeding, including, without limitation, the right to propound discovery requests, examine witnesses, and receive and examine all discovery materials; (iii) to be able to receive and review copies of all pleadings, memoranda and any other discovery or documents which have been obtained or exchanged in the Adversary

Proceeding; (iv) to receive notice of and be authorized to attend and participate fully at all scheduled depositions, document productions and hearings; (v) to make and respond to motions; and (vi) to participate in any settlement of the Adversary Proceeding, including without limitation all discussions of settlement.

## GROUNDS FOR RELIEF

**A.  Right of Intervention.**

10.  Rule 24 of the Federal Rules of Civil Procedure ("FRCP 24") governs the intervention by non-parties in civil actions.  FED. R. CIV. P. 24.

11.  FRCP 24 is made applicable to this Motion by Rule 7024 of the Bankruptcy Rules, which provides that "Rule 24 F.R.Civ.P. applies in adversary proceedings."  Rule 7024.

12.  FRCP 24(a) provides in relevant part that: "[u]pon timely application anyone shall be permitted to intervene in an action . . . when a statute of the United States confers an unconditional right to intervene . . . ."  FED. R. CIV. P. 24.

13.  Section 1109(b) of the Bankruptcy Code confers upon the Committee an unconditional right to intervene in the Adversary Proceeding.  Section 1109(b) states in relevant part that "[a] party in interest, including . . . a creditors' committee, [or] an equity security holders' committee . . . may raise and may appear and be heard on any issue in a case under this chapter."  11 U.S.C. § 1109(b).

14.  The term "case," as used in section 1109(b), includes "adversary proceedings." *Term Loan Holder Committee v. Ozer Group, L.L.C. (In re Caldor Corp.)*, 303 F.3d 161, 168 (2d Cir. 2002) ("*Caldor*").

15. In *Caldor,* the United States Court of Appeals for the Second Circuit held that section 1109(b) provided that a term loan holder committee in a bankruptcy case had an <u>unconditional</u> right to intervene in an adversary proceeding under FRCP 24(a)(1). *Caldor*, 303 F.3d at 169. The Second Circuit found that the language of section 1109(b) and, specifically, the phrase allowing a party in interest to be heard on "any issue in a case," expressly granted the committee an absolute right to intervene in an adversary proceeding. *Caldor*, 303 F.3d at 169. As explained by the Second Circuit:

> It is important to recognize, as the Third Circuit did, that the "exact language" of § 1109(b) "grants a right to appear and be heard not in 'a case' but 'on any issue in a case.' " . . . . The "issues" referred to in § 1109(b) occur in proceedings, which themselves occur in and constitute part of the "case." While the bankruptcy rules "distinguish ... between different types of litigated matters [that arise during the pendency of a bankruptcy case] and divide them into contested matters and adversary proceedings," . . . the plain text of § 1109(b) does not distinguish between issues that occur in these different types of proceedings within a Chapter 11 case. . . . We hold, therefore, that the phrase "any issue in a case" plainly grants a right to raise, appear and be heard on *any issue* regardless whether it arises in a contested matter or an adversary proceeding.

*Caldor*, 303 F.3d at 169 (citations omitted; emphasis in original). *See also, Adelphia Communications Corp. v. Rigas (In re Adelphia Communications Corp.)*, 285 B.R. 848, 853-54 (Bankr. S.D.N.Y. 2002) ("the Second Circuit [in *Caldor*] determined that section 1109(b) is applicable in adversary proceedings as it is in cases under the Bankruptcy Code, and hence that 'a statute of the United States confers an unconditional right to intervene,' within the meaning of Fed.R.Civ.P. 24(a)(1)").

16. The decision in *Caldor* controls the instant motion. Pursuant to *Caldor*, Bankruptcy Code section 1109(b) grants the Committee the right to intervene in this adversary proceeding. *Caldor*, 303 F.3d at 169

17. Where, as here, "a statute of the United States confers an unconditional right to intervene," the Committee has a right to intervene in the Adversary Proceeding and its Motion should therefore be granted.

B. <u>**Rights Upon Intervention.**</u>

18. As established above, FRCP 24 and Section 1109(b) of the Bankruptcy Code allow the Committee to intervene in the Adversary Proceeding as a matter of right.

19. The very purpose of intervention, whether of right or permissive, is to enable those satisfying the requirements of FRCP 24 to assert their interests in all pending aspects of the lawsuit. *United States v. Board of Education of Waterbury, Connecticut*, 605 F.2d 573, 576 (2nd Cir. 1979) ("An intervenor is certainly a party.") [citations omitted]; *see also Chao v. Local 1104 Communications Workers of America*, 2007 WL 1231616*3 (E.D.N.Y. 2007) ("Once intervention is granted, the intervenor becomes a party entitled to litigate fully on the merits of the action"); *In re Oceana International, Inc.*, 49 F.R.D. 329, 332-334 (S.D.N.Y. 1970) ("Once intervention as of right has been granted, an intervenor should be entitled to litigate fully on the merits [citation omitted] and be considered a party for all purposes"); *In re Rabbe, Glissman & Co. Inc.*, 71 F.Supp. 678, 680 (S.D.N.Y. 1947) ("an intervenor in an action or proceeding is, for all intents and purposes, an original party").

20. As a party to the Adversary Proceeding, the Committee's role should include receiving notice of proceedings and the service of papers, filing motions, objections and other papers, making arguments and responding to arguments in Court, raising matters of concern to the Committee, and otherwise participating as a party by

7

propounding discovery, taking part in depositions, and participating as parties with respect to any settlement discussions and considerations in the Adversary Proceeding.

21. The Committee's requested role in the Adversary Proceeding is justified in part because of its unique status. The creditors of the Debtors have been injured by the Defendants' acts described in the Adversary Proceeding Complaint. Because of the Defendants' failure to provide the agreed-upon investment financing, distributions that should have been made to creditors pursuant to the Plan have not been made. The creditors are the parties who will benefit from the specific performance sought in the Adversary Proceeding or any other recovery obtained. The Committee, which represents the interests of creditors and acts on behalf of creditors, has an interest in seeking the relief sought in the Adversary Proceeding. Since the creditors would have directly benefited from the investment financing and harmed by the failure of the Debtors to honor their obligations with respect thereto, the Committee should have the right to participate fully in the Adversary Proceeding. Full participation of the Committee in all aspects the Adversary Proceeding is necessary for the Committee to protect the interests of its constituency.

22. In the instant case, the Committee is entitled to intervene in the Adversary Proceeding. The Committee is obligated to protect vigorously the interests of its constituency, and therefore should be entitled to participate fully in all aspects of the Adversary Proceeding via intervention. Accordingly, the Motion should be granted and the Committee should be recognized as an intervenor in the Adversary Proceeding with all the rights requested herein.

## **CONCLUSION**

WHEREFORE, for the above-stated reasons, the Committee respectfully requests that the Court grant the Motion and also grant the Committee such other and further relief as is just and proper.

Dated: May 27, 2008

                                THE OFFICIAL COMMITTEE OF
                                UNSECURED CREDITORS

                                By its attorneys,

                                */s/ MICHAEL D. WARNER*
                                Michael D. Warner, Esq. (TX Bar No. 00792304)
                                Lewis T. Stevens, Esq. (TX Bar No. 24031366)
                                Jeffrey R. Erler, Esq. (TX Bar No. 00796516)
                                **WARNER STEVENS, L.L.P.**
                                301 Commerce Street, Suite 1700
                                Fort Worth, TX 76102
                                Telephone: 817.810.5250
                                Facsimile: 817.810.5255

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Motion has been served upon the parties listed below by either electronic transmission, facsimile, or first class mail, properly addressed and postage pre-paid, on this 27th day of May, 2008.

                                                         */s/ MICHAEL D. WARNER*
                                                         Michael D. Warner, Esq.

Edward Friedman
William P. Weintraub
Andrew W. Schilling
Shira D. Weiner
Danya S. Reda
FRIEDMAN KAPLAN SEILER & ADEMAN, LLP
1633 Broadway
New York, NY 10019-6708
Facsimile: 212-833-1250

James Bolin
APPALOOSA MANAGEMENT, LP
A-D Acquisition Holdings, LLC
Facsimile: 973-701-7055

Brian M. Resnick
DAVIS POLK & WARDWELL
Facsimile: 212-450-3213

Brad Eric Scheler
FRIED, FRANK, HARRIS, SHRIVER
Facsimile: 212-859-4000

Gregory P. Joseph
GREGORY P. JOSEPH LAW OFFICES
Facsimile: 212-885-8743

Donald Mullen
Tom Wagner
Sandip Khosla
GOLDMAN, SACHS & CO.
Facsimile: 212-428-4769

Philip A. Falcone
HARBINGER DEL-AUTO
Investment Company, Ltd.
Facsimile: 212-521-6972

Philip A. Falcone
HARBINGER CAPITAL PARTNERS
Master Fund I, Ltd.
Facsimile: 212-521-6972

General Counsel
HARBERT MANAGEMENT CORP.
Facsimile: 205-987-5568

Myron Kirschbaum
Benjamin Mintz
Lynn Toby Fisher
KAYE SCHOLER, LLP
Facsimile: 212-836-8689

Robert J. Rosenberg
LATHAM & WATKINS, LLP
Facsimile: 212-751-4864

Robert Spork
Rick Morris
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.
Facsimile: 212-449-0769

Alicia M. Leonard
OFFICE OF THE UNITED STATES TRUSTEE
Facsimile: 212-668-2255

Andrew N. Rosenberg
PAUL, WEISS, RIFKIND, WHARTON & GARRISON
Facsimile: 212-757-3990

Timothy Bass
PARDUS DPH HOLDING, LLC
Facsimile: 212-381-7771

Joseph R. Thornton
PARDUS SPECIAL OPPORTUNITIES MATTER FUND, LP
Facsimile: 212-381-7771

Kenneth Ziman
SIMPSON THACHEL & BARTLETT, LLP
Facsimile: 212-455-2502

Robinson B. Lacy
SULLIVAN & CROMWELL, LLP
Facsimile: 212-558-3588

John M. Reiss
Gregory Pryor
J. Christopher Shore
WHITE & CASE LLP
Counsel for A-D Acquisition Holdings, LLC
Facsimile: 212-354-8113

John M. Reiss
Gregory Pryor
J. Christopher Shore
WHITE & CASE, LLP
Counsel for Harbinger Del-Auto Investment Company, Ltd.
Facsimile: 212-354-8113

Thomas E. Lauria
WHITE & CASE LLP
Counsel for A-D Acquisition Holdings, LLC
Facsimile: 305-358-5744

Thomas E. Lauria
WHITE & CASE LLP
Counsel for Harbinger Del-Auto Investment Company, Ltd.
Facsimile: 305-358-5744

Rachel C. Strickland
Morgan D. Elwyn
WILLKIE FARR & GALLAGHER, LLP
Counsel for Pardus DPH Holding, LLC
Facsimile: 212-728-8111

Rachel C. Strickland
Morgan D. Elwyn
WILLKIE FARR & GALLAGHER, LLP
Counsel for Pardus Special
Opportunities Master Fund, LP
Facsimile: 212-728-8111